# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DAVID W. MYERS**                                                            **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:19-CV-100-KS-MTP**

**LEGACY EQUIPMENT, INC.,** *et al.*                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Defendants Legacy Equipment, Inc. and G. A. West & Co., Inc.'s Motion to Dismiss [10] and **denies** their Motion to Strike [25].

## I. BACKGROUND

Plaintiff was a railroad engineer, employed by Defendant Illinois Central Railroad Company ("ICRC"). In July 2016, he was operating a train traveling through a railroad crossing intersecting Highway 98 in Augusta, Mississippi. He alleges that Defendant James C. Passeau was operating a tractor-trailer on Highway 98 in the course and scope of his employment by Defendants Legacy Equipment, Inc. and/or G. A. West & Co., Inc. Plaintiff further alleges that Passeau negligently drove the truck into the path of the oncoming train, causing a collision. Plaintiff alleges that he suffered severe injuries in the wreck, and that he has incurred various forms of damages because of it. Plaintiff asserted negligence claims against Legacy, G. A. West, and Passeau, and a claim under the Federal Employers Liability Act[1] against

---

[1] 45 U.S.C. § 51, *et seq.*

ICRC. ICRC asserted cross-claims against Legacy, G. A. West, and Passeau. The Court now considers Legacy and G. A. West's Motion to Dismiss [10] and Motion to Strike [25].

## **II. MOTION TO DISMISS [10]**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Legacy and G. A. West argue that the Court should dismiss Plaintiff's punitive damages claims because Plaintiff's negligence claims against them are based solely on their vicarious liability for Passeau's alleged negligence. Defendants contend that the federal courts in this state have consistently held that punitive damages are not

2

available based solely on a theory of vicarious liability. Defendants are correct. Mississippi courts have uniformly and consistently held that a plaintiff may not recover punitive damages based on a theory of vicarious liability. *See, e.g. Rasdon v. E 3 Trucking, Inc.*, 2019 WL 4346576, at *3 (N.D. Miss. Sept. 12, 2019); *Bell v. Coleman*, 2018 WL 3118614, at *4 (N.D. Miss. 2018); *Roberts v. Ecuanic Express, Inc.*, 2012 WL 3052838, at *2 (S.D. Miss. July 25, 2012); *Lee v. Harold David Story, Inc.*, 2011 WL 3047500, at *2 (S.D. Miss. July 25, 2011); *Duggins v. Guardianship of Washington through Huntley*, 632 So. 2d 420, 433 (Miss. 1993) (punitive damages statute "absolutely forecloses vicarious liability for punitive damages") (Lee, P.J., dissenting). Therefore, to the extent Plaintiff's claims for punitive damages against Legacy and G. A. West are based on a theory of vicarious liability for Passeau's negligence, those claims must be dismissed.

Plaintiff argues that he asserted independent claims against Legacy and G. A. West for which punitive damages are recoverable. Specifically, he alleged that Defendants failed to properly train, hire, and supervise Passeau. In reply, Defendants argue that Plaintiff can not recover punitive damages for these independent claims because Mississippi courts have routinely dismissed such claims against an employer who admits that an employee was acting within the course and scope of his employment. Once again, Defendants are correct. "Mississippi courts have consistently dismissed independent" claims of negligent hiring, entrustment, or supervision because they are "superfluous and possibly unfairly prejudicial after an

3

employer has admitted vicarious liability." *Evans v. Roger's Trucking, Inc.*, 2019 WL 5295198, at *2 (S.D. Miss. Oct. 18, 2019); *see also Welch v. Loftus*, 776 F. Supp. 2d 222, 225 (S.D. Miss. 2011); *Roberts*, 2012 WL 3052838 at *2; *Cole v. W. Express, Inc.*, 2010 WL 4537936, at *2 (S.D. Miss. Nov. 2, 2010).

Plaintiff argues that Defendants denied that they are vicariously liable for Passeau's actions. This is incorrect. Defendants admitted that Passeau was acting in the course and scope of his employment, but they denied that he was negligent. In other words, they admitted that they would be vicariously liable if Passeau had been negligent. *See* Complaint at 8, *Myers v. Legacy Equip., Inc.*, No. 2:19-CV-100-KS-MTP (S.D. Miss. July 8, 2019), ECF No. 1; Answer at 10, *Myers v. Legacy Equip., Inc.*, No. 2:19-CV-100-KS-MTP (S.D. Miss. July 30, 2019), ECF No. 8; Joint Answer at 10, *Myers v. Legacy Equip., Inc.*, No. 2:19-CV-100-KS-MTP (S.D. Miss. Aug. 2, 2019), ECF No. 12.

Plaintiff also argues that punitive damages are available against Legacy and G. A. West because Passeau had a "heightened duty of care" as a commercial truck driver at a railroad crossing. Assuming that Passeau had such "heightened" duties, that doesn't alter the punitive damages statute or the principles of vicarious liability discussed in the cases cited above. Even if Passeau's duties were heightened, broadening the scope of actionable conduct, it was still *his* conduct, and the punitive damages statute requires that the "defendant against whom punitive damages are sought" commit the wrongful acts in dispute. MISS. CODE ANN. § 11-1-65(1)(a).

Finally, Plaintiff argues that he should be permitted to conduct discovery. "[A] request for discovery is generally not an appropriate response to a Rule 12(b)(6) motion." *Minor v. Jackson Mun. Airport Auth.*, 2016 WL 4869696, at *5 (S.D. Miss. Sept. 13, 2016). This is because "when deciding . . . whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint." *Sw. Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008). Here, Plaintiff alleged that Passeau acted within the course and scope of his employment, and Legacy and G. A. West admitted as much. There is nothing to discover on this issue.

For these reasons, the Court **grants** Legacy and G. A. West's Motion to Dismiss [10]. Plaintiff's punitive damages claims against Legacy and G. A. West are dismissed with prejudice, as are his claims that they failed to properly train, hire, and supervise Passeau.

### III. MOTION TO STRIKE [25]

ICRC asserted a cross-claim against Legacy, G. A. West, and Passeau, alleging that they negligently disregarded the warning devices at the railroad crossing. ICRC also alleged that Legacy, G. A. West, and Passeau "have already paid the Railroad for property damages," and that "[s]uch payments demonstrate that [they] have recognized liability for all damages resulting from the collision." Answer and Cross-Claim at 13, *Myers v. Legacy Equip., Inc.*, No. 2:19-CV-100-KS-MTP (S.D. Miss. Aug. 14, 2019), ECF No. 16. Legacy, G. A. West, and Passeau filed a Motion to Strike [26]

5

these allegations pursuant to Rule 12(f). They contend that the allegations should be stricken from the cross-claim because they would not be admissible under Rule 408.

Rule 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A motion to strike under Rule 12(f) 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Rogers v. Medline Indus., Inc.*, 2018 WL 6737286, at *1 n. 2 (S.D. Miss. Dec. 21, 2018) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Courts have generally agreed that such motions should be denied unless "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2019).

There is no need to strike the disputed allegations from ICRC's cross-claim. Legacy, G. A. West, and Passeau have not demonstrated how their inclusion in the pleading causes any prejudice. The allegations' presence in the record does not necessarily mean that evidence to that effect will be admissible at trial or on a motion. *See, e.g. Rich v. Sheppard*, 2018 WL 4344563, at *8 (S.D. Miss. Sept. 11, 2018); *Skinner v. Hinds County, Miss.*, 2014 WL 317872, at *10 (S.D. Miss. Jan. 29, 2014). Therefore, the Court **denies** Defendants' Motion to Strike [25].

## IV. CONCLUSION

For these reasons, the Court **grants** Defendants Legacy Equipment, Inc. and G. A. West & Co., Inc.'s Motion to Dismiss [10] and **denies** their Motion to Strike [25].

SO ORDERED AND ADJUDGED this 12th day of December, 2019.

                                                /s/     Keith Starrett
                                                        KEITH STARRETT
                                      UNITED STATES DISTRICT JUDGE